By the Court.—Sedgwick, Ch. J.
The action was for damages from the plaintiff’s falling, in consequence of a defect in the sidewalk of a street which the complaint alleged was defective, through defendant’s negligence.
The jury found for the defendant. The new trial was granted upon the exceptions taken on the trial, by the plaintiff. The case does not particularize the exception which was sustained by the court. It is necessary to examine all the exceptions on which the respondent relies.
The question: Do you know anybody that fell over that ? was rightly excluded on the trial. It referred to the alleged defect in the sidewalk. The question had such a form that it was not certain that the witness was required to speak of his knowledge of any fall, or more than of his knowlege of a person whom he had heard had fallen. The witness immediately after this question, was allowed to testify that he had seen his wife fall over the defect.
A physician had testified that the accident would have an effect upon the nervous system of the plaintiff. He was then asked, And do you think it affected that ? The witness not answering responsively said, She is complaining of that now. This was properly stricken out both because it was not responsive and because complaints of the plaintiff might be inadmissible, at least, if not made to the physician, for his professional guidance and only overheard by him. Roche v. Brooklyn, etc., R. R. Co., 105 N. Y. 295.
Another question was properly excluded for the reason that its form was leading.
On the trial the plaintiff assumed that a witness named Mahoney, would be liable to the present defendants in case there should be a recovery against them, and that such liability might affect the credibility of Mahoney,' who had testified in behalf of the defendant as to the condition of the sidewalk. Another witness *598 was called by defendant. He was and had been in the employment of Mahoney. He was asked, Hasn’t he, Mahoney, told you, and don’t you know as matter of fact, that he would have to pay to the city any damage which the city might sustain by reason of this case ? The court was correct in excluding the question. Had the question not been objectionable in itself, it was within the discretion of the court to exclude it, as the witness had said, immediately before, that Mahoney had told him nothing about his liability for the condition of the sidewalk. It was objectionable in the part that asked the witness to state the necessary consequences of a future or conditional state of affairs.
Mahoney as a witness was asked; Don’t you know, as a fact, that this sidewalk was fixed in March, 1887 ? The accident had happened in February, 1887 ? This called for a categorical answer, which when given might have been left (without any further inquiry as to what made the “fixing” of the question) to produce a confusion in the minds of the jury. The question was objectionable, as it did not appear to refer to a repairing of the defect alleged by the plaintiff, and therefore it did not tend to show what was the physical condition of the sidewalk at the time of the accident.
The plaintiff’s husband was asked, Did' the plaintiff have people by whom she had been engaged to nurse ? He answered she had about five and she could not attend to them. The last of the answer was properly stricken out as irresponsive.
The charge of the court was in accordance with the law.
The plaintiff did not prove that the accident had put her to any personal expense, nor did she prove any facts upon which the jury might assess damages for any loss of business as nurse.
I think it is probable that the court, in granting a new trial, considered that there might have been error in refusing to charge one request of plaintiff. It was, *599 “ The defendant has a right of action over against the owner of the property in front of which the accident occurred, for the reimbursement of any verdict rendered against it and which it may be called upon to pay.” A particular examination of the testimony shows that the plaintiff was not entitled to such a charge even if it be assumed, although not held, that an owner of a house is responsible for the consequences of a defect in the sidewalk in front of his house, which is not a nuisance created by him, or unlawfully maintained by him. The case showed that the testimony of one of two witnesses only could have been affected by the existence of the liability alluded to in the request. These witnesses were the respective owners of No. 107 and No. 109 Sheriff St. The sidewalk in front of these houses, was wholly or partly paved with flag-stone. The case, as made by the plaintiff, was that as she was walking along the flagging of No. 109, and had reached the line where it ended, she stepped upon the flagging of the sidewalk in front of No. 107. This latter sidewalk was from 3 to 7 inches lower than the sidewalk of No. 109. The plaintiff testified “ I was walking along and stepped from a higher stone to a lower stone and fell as I made the step. I did not see the stone was lower than the other.” The witness most favorable to plaintiff testified that the plaintiff fell in front of 107 and 109. The sidewalk in front of 107 was about 3 or 4 inches lower than the sidewalk of 109. There was a step between the two stones never filled up. On this and other testimony, the jury could not have found that there was any other cause of the accident than the plaintiff’s stepping from the higher level of one sidewalk to the lower level of the other, she being unaware that there was any difference in the levels. There was no testimony to show that either, or if one of the owners, which one, had the right or lawful level in front of his house. Even if it could be said that one or the other must have been the responsible party, the an *600 nouncement of that to the jury could not have been used by them to estimate the credibility of either witness in particular.
I am, therefore, of opinion, that the motion for a new trial should have been denied.
Order reversed with costs, with leave to defendant to enter judgment upon the verdict.
Freedman and Truax, JJ., concurred.